UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER E. MORRIS,

    Petitioner,

v.                                    CASE NO. 8:14-cv-520-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Morris applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for one count of burglary and nine counts of dealing in stolen property, for which he is imprisoned for thirty years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 13) Although the state post-conviction proceedings were unusual, the respondent is correct that the application is time-barred.

    The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The state post-conviction proceedings were unusual (1) because Morris moved to withdraw his plea before the deadline for a direct appeal and (2) because, while the motion to withdraw was pending, Morris moved under state Rule 3.850 for post-conviction relief, for which he received an evidentiary hearing and the appointment of counsel. (Respondent's Exhibit 10) The subsequent appeal was limited to the two post-conviction motions and was not a direct appeal because the appeal did not include the judgment and sentence. (Respondent's Exhibit 12) After the appeal concluded, Morris again moved under state Rule 3.850 for post-conviction relief, which was dismissed as untimely. The order of dismissal (Respondent's Exhibit 27) explains:

> On January 31, 2007, Defendant entered an open plea of guilty to . . . one count of second degree felony burglary . . . and nine counts of second degree felony dealing in stolen property . . . . Subsequently, the trial court sentenced Defendant [to] thirty years imprisonment with five years suspended after serving twenty-five years . . . all sentences ordered to run concurrently. Defendant did not file a direct appeal of his judgment and sentence.
>
> On February 6, 2007, Defendant filed a *pro se* motion to withdraw plea. Defendant's court-appointed counsel filed a notification with the Court that the motion was "unadopted" by

counsel. Defendant later filed a "Motion for Post-Conviction Relief" with this Court . . . and an "Amended Motion to Withdraw Plea" . . . . The Court held an evidentiary hearing concerning multiple claims . . . and written closing arguments were filed by the parties . . . . Following the evidentiary hearing, this Court entered a "Final Order Denying Defendant's 'Amendment to the Amended Motion to Withdraw Plea and Corresponding Post-Conviction Motion;' Denying Motion for Post-conviction Relief; Denying Amended Motion to Withdraw Plea". . . . Defendant appealed and the Second District Court of Appeals affirmed the denial of his [motion to withdraw plea under Rule] 3.170(1) and [Rule] 3.850 motions; mandate issued December 29, 2010. *See Morris v. State*, 48 So. 3d 911 (Fla. 2d DCA 2010), *reh'g denied* (Dec. 9, 2010), *appeal dismissed, review denied*, 60 So. 3d 1055 (Fla. 2011) ("We affirm the circuit court's denials of Christopher Morris's motions filed pursuant to Florida Rules of Criminal Procedure 3.170(l) and 3.850.").

Analysis

In his motion, Defendant sets forth eight grounds – including multiple sub-grounds – claiming ineffective assistance of counsel and trial court error. According to Defendant, on multiple occasions both his plea counsel and evidentiary counsel provided ineffective assistance. Additionally, Defendant maintains the trial court committed multiple prejudicial errors during his plea and evidentiary hearings.

However, Defendant's motion is untimely because it was filed well beyond the expiration of the two-year time limit imposed by Florida Rule of Criminal Procedure 3.850. The record in the instant case reveals Defendant's judgment and sentence became final on March 2, 2007; thirty days after January 31, 2007. While Defendant may believe his judgment and sentence did not become final until after the Second District Court of Appeal affirmed the Court's denial of his motion to withdraw plea and original 3.850 motion, the record indicates the Second District Court of Appeal classified both motions as post-conviction motions.  Pursuant to Rule 3.850(b), the two year period for filing a motion for post-conviction relief begins to run thirty days after the defendant is sentenced or, if the defendant appealed his judgment and sentence, after the mandate issues from a direct appeal. *See Beaty v. State*, 701 So. 2d 856 (Fla.

>1997); *Valdez-Garcia v. State*, 965 So. 2d 318 (Fla. 2d DCA
>2007). Accordingly, Defendant's current post-conviction
>motion is untimely.

The circuit court dismissed the second Rule 3.850 motion for post-conviction relief two weeks after it was filed, at which time Morris still had nearly three months remaining to timely file his federal application. Morris appealed the circuit court's dismissal of his second Rule 3.850 motion. The district court affirmed the circuit court's ruling that the motion was untimely. (Respondent's Exhibit 27 and 28) This second Rule 3.850 motion remained pending for two years, during which the federal limitation was not tolled.

Section 2244(d)(2) permits tolling only for a "properly filed application for state post-conviction or other collateral review . . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), instructs that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Accord Hurley v. Moore*, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because Hurley's state post-conviction motion was not properly filed according to the state court's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled."), *cert. denied*, 532 U.S. 1013 (2001). As a consequence, only an application timely-filed under state law tolls the federal one-year limitation. "When a post-conviction petition is untimely under state law,

'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets original) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002). *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state post-conviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."). *See Gorby v. McNeil*, 530 F.3d 1363, 1366 (11th Cir. 2008) (applying *Pace*), *cert. denied*, 566 U.S. 1109 (2009), and *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("We therefore conclude that the state court's holding that Webster's Rule 3.850 petition was time-barred is due deference."), *cert. denied*, 531 U.S. 991 (2000). Because Morris's second state Rule 3.850 motion for post-conviction relief failed to toll the limitation, the federal limitation expired in May, 2012, which is nearly two years before Morris filed his federal petition in June 2014. Morris shows entitlement to neither a delayed start of the limitation under 28 U.S.C. § 2244(d)(1) nor equitable tolling nor actual innocence.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Morris is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Morris must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Morris cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Morris is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Morris must pay the full $505 appellate filing fee unless the circuit court allows Morris to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 5, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE