UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER E. MORRIS,

     Petitioner,

v.                                 CASE NO. 8:14-cv-520-T-23MAP

SECRETARY, Department of Corrections,

     Respondent.

_____/

**O R D E R**

     Morris's application for the writ of habeas corpus under 28 U.S.C. § 2254

(Doc. 1) was dismissed as time-barred.  (Doc. 19)  Morris moves both to alter or

amend judgment under Rule 59(e), Federal Rules of Civil Procedure, and for relief

from a judgment under Rule 60(b).  (Docs. 20 and 24)  Morris also requests a

certificate of appealability.  (Doc. 21)

     The earlier order (Doc. 19 at 2) recognizes that "the state post-conviction

proceedings were unusual (1) because Morris moved to withdraw his plea before the

deadline for a direct appeal and (2) because, while the motion to withdraw was

pending, Morris moved under state Rule 3.850 for post-conviction relief . . . ."

Morris contests the earlier order's statement that "[t]he subsequent appeal was

limited to the two post-conviction motions and was not a direct appeal because the appeal did not include the judgment and sentence." Morris's Section 2254 application appears timely if the appeal was a direct appeal and not a post-conviction appeal.

After sentencing, Morris moved to withdraw his plea, a motion that Morris's appointed trial counsel specifically declined to adopt. (Respondent's Exhibits 3 and 4)[1] Following an evidentiary hearing, the state circuit court issued a consolidated order that denies both the motion to withdraw the plea and the motion for post-conviction relief. (Respondent's Exhibit 11) Morris appealed *pro se*. The appeal was initially classified as a post-conviction appeal. Morris moved for clarification and argued that the appeal included the judgment and sentence, as provided under Rule 3.170(l), Florida Rules of Criminal Procedure. (Exhibit C at 1)[2] The district court "converted the appeal to a judgment and sentence appeal . . . ." (Exhibit C at 3) Later the district court determined that "this court erroneously classified this appeal as one from a judgment and sentence" and "affirmed the circuit court's denials of Christopher Morris's motions filed pursuant to Florida Rules of Criminal Procedure 3.170(l) and 3.850." (Exhibit C at 6 and 7)

In his two pending post-judgment motions Morris argues (1) that the state circuit court lacked jurisdiction over the motion for post-conviction relief while the

---

[1] The respondent's exhibits are at docket 14.

[2] Exhibits identified with a letter are attached to Morris's Rule 59(e) motion. (Doc. 20)

motion to withdraw his plea was pending and (2) that the district court erred in

re-classifying his appeal to a post-conviction appeal from a judgment and sentence

appeal.   The state court's last re-classification of the appeal binds this court because a

federal court is bound by a state court's interpretation of state law.   *See Mullaney v.*

*Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state

law . . . ."), *Breedlove v. Moore*, 279 F.3d 952, 963–64 (11th Cir. 2002) ("The Florida

Supreme Court is the final arbiter of Florida evidentiary law; federal courts must

respect that law absent a constitutional violation."), *cert. denied*, 538 U.S. 995 (2003),

and *McCullough v. Singletary*, 967 F.2d 530, 535–36 (11th  Cir. 1992) ("State courts are

the ultimate expositors of their own state's laws, and federal courts entertaining

petitions for writs of habeas corpus are bound by the construction placed on a state's

criminal statutes by the courts of the state except in extreme cases."), *cert. denied*, 507

U.S. 975 (1993).   A federal district court cannot act as an appellate court to determine

the correctness of a state court's application of state procedural rules.   *See Marshall v.*

*Lonberger*, 459 U.S. 422, 438, n. 6 (1983) ("[T]he Due Process Clause does not permit

the federal courts to engage in a finely tuned review of the wisdom of state

evidentiary rules."), and *Patterson v. New York*, 432 U.S. 197, 201–202 (1977) ("[I]t is

normally 'within the power of the State to regulate procedures under which its laws

are carried out,' and its decision in this regard is not subject to proscription under the

Due Process Clause unless 'it offends some principle of justice so rooted in the

traditions and conscience of our people as to be ranked as fundamental.'").

The state district court's re-classifying the appeal did not cause the untimeliness of Morris's federal application.  The earlier order determines that, even without tolling for the second Rule 3.850 motion for post-conviction relief, "Morris still had nearly three months remaining to timely file his federal application." (Doc. 19 at 4)  As a consequence, the re-classification, even if erroneous, does not "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Patterson*, 432 U.S. at 202.

Morris moves for a certificate of appealability ("COA").  (Doc. 21)  Morris is not entitled to a COA.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Morris must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Morris cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because Morris is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, the motions to alter or amend under Rule 59(e), for relief from a judgment under Rule 60(b), and for a certificate of appealability (Doc. 20, 21, and 24) are **DENIED**.

ORDERED in Tampa, Florida, on May 7, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE